UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY SMITH,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 18-cv-02629-JD

**ORDER DISMISSING PETITION**

Larry Smith, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Petitioner was denied parole in Marin County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner seeks federal habeas relief with respect to a 2017 parole denial by the Board of Parole Hearings. However, petitioner states he has not appealed the decision in state court. While he filed administrative appeals in the prison he still must present his claims in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.")

The petition is dismissed without prejudice. Petitioner may file a new petition in this Court once his claims have been exhausted. Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

**CONCLUSION**

The petition is **DISMISSED WITHOUT PREJUDICE**. Petitioner may file a new case once he has exhausted his claims in state court. A Certificate of Appealability is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: August 14, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD DAVIS,<br><br>    Defendant. | Case No. 18-cv-02629-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Smith ID: AG3692
San Quentin State Prison
San Quentin, CA 94974

Dated: August 14, 2018

                                                          Susan Y. Soong
                                                          Clerk, United States District Court

                                                          By: *[signature]*
                                                          LISA R. CLARK, Deputy Clerk to the
                                                          Honorable JAMES DONATO